IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DHIRAJ CHHAPARWAL, M.D.,

Plaintiff,

v. CASE NUMBER: 1:07CV89

WEST VIRGINIA COLLEGE OF MEDICINE
AND HEALTH SCIENCES CENTER, ET AL.,

Defendants.

**ANSWER OF DEFENDANTS WEST VIRGINIA UNIVERSITY COLLEGE OF MEDICINE AND HEALTH SCIENCES CENTER, UNIVERSITY HEALTH ASSOCIATES, FERRARI, WEISSE, MATTHEW BRUNNER, NANCY BRUNNER, PERKINS, PUMPHREY, SOMESHWAR, LARZO, TROISCHT, HIXENBAUGH, AND WOLFE**

First Defense

The complaint fails to state a claim against these defendants upon which relief can be granted.

Second Defense

Plaintiff's own actions were the proximate cause of his loss of employment.

Third Defense

To the extent Plaintiff has failed to mitigate his damages, his claims are barred.

Fourth Defense

Any statements made by these defendants about the plaintiff were privileged.

Fifth Defense

Any statements made by these defendants about the plaintiff were true.

Sixth Defense

To the extent Plaintiff's suit is filed more than two years after the alleged wrongful actions, his claim is barred by the applicable statute of limitations.

Seventh Defense

By his own actions, plaintiff is estopped from bringing this complaint.

Eighth Defense

These defendants exercised reasonable care to prevent and promptly correct any harassing behavior, and the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by these defendants or to avoid harm otherwise.

Ninth Defense

Any discrimination, which discrimination is denied, was unintentional and without malice or reckless indifference.

Tenth Defense

Because plaintiff did not file the appropriate notice pursuant to W. Va. Code § 55-17-3, his claim is barred

Eleventh Defense

INTRODUCTION

As a general response to the allegations in the complaint, these defendants note that plaintiff did not attach to his complaint, either in this Court, or in the complaint filed in the District Court of New Jersey, the exhibits he references. As a result, these defendants are unable to verify that the documents exist. Additionally, to the extent that the documents do exist, these defendants affirmatively assert that the documents speak for themselves, and these defendants will not interpret,

explain or speculate as to the meaning of the documents. These defendants will respond to the factual allegations to the best of their ability. However, given the nature of some of the allegations and accusations, many of which are scurrilous, argumentative, and self-serving, these defendants cannot, and will not, respond to allegations that are not fact specific.

Plaintiff has confused the organizational structures of West Virginia University Hospitals, Inc., West Virginia University Health Sciences Center, and the West Virginia University School of Medicine. Plaintiff was a resident in West Virginia University's School of Medicine. These defendants are, or were, employees of West Virginia University ("WVU"). Rather than correct the confusion in each of those numbered paragraphs, these defendants' responses to the allegations in the complaint will incorporate as an affirmative response the fact that WVU is the appropriate employer and that the West Virginia School of Medicine is the appropriate entity with respect to the Pediatric Residency Program.

As a final note, plaintiff has mentioned various standards and requirements of the American Council on Graduate Medical Education ("ACGME"). These defendants admit that West Virginia University's residency programs are subject to the standards and requirements of the ACGME. These defendants cannot, and will not, interpret, explain or speculate as to the meaning of the standards and requirements.

## THE PARTIES

1. These defendants admit that plaintiff was employed by West Virginia University from July 1, 2004 until June 30, 2005 but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the complaint.

2, 3. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2 and 3 of the complaint.

4. These defendants admit the allegations in paragraph 4 of the complaint except that Dr. Ferrari was the Interim Chair of the Department of Pediatrics.

5. These defendants admit that Dr. Weisse was formerly the Director of the Pediatric Residency Program but deny the remaining allegations in paragraph 5 of the complaint.

6. These defendants admit the allegations in paragraph 6 of the complaint except that Dr. Brunner was formerly the Associate Director of the Pediatric Residency Program.

7, 8, 9, 10, 11, 12, 13, 14, 15. These defendants admit the allegations in paragraphs 7, 8, 9, 10, 11, 12, 13, 14 and 15 of the complaint except that Dr. Pumphrey and Dr. Larzo are no longer on the faculty, Michael Wolfe is no longer the Education Coordinator, and Mr. Wolfe is no longer employed by WVU.

## FACTS

16, 17, 18, 19. These defendants admit the allegations in paragraphs 16, 17 18 and 19 of the complaint.

20. These defendants admit that plaintiff attended both a Continuity Clinic and a Pediatric Acute Care Clinic but deny the remaining allegations in paragraph 20 of the complaint.

21, 22. These defendants deny the allegations in paragraphs 21 and 22 of the complaint.

23. These defendants deny that the Pediatric Residency Program failed to comply with the ACGME program requirements.

24. These defendants are not aware of any complaints made by plaintiff and deny that any of them acted wrongfully or inappropriately.

25. These defendants deny the allegations in paragraph 25 of the complaint.

26. These defendants are not aware of any complaints made by plaintiff and deny that any of them acted wrongfully or inappropriately.

27. These defendants deny the allegations in paragraph 27 of the complaint.

28. These defendants admit that plaintiff is entitled to use a grievance procedure if he perceives that he has been treated wrongfully.

29, 30, 31. These defendants deny the allegations in paragraphs 29, 30 and 31 of the complaint.

32, 33, 34, 35, 36. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 32, 33, 34, 35 and 36.

37. These defendants deny the allegations in paragraph 37 of the complaint.

38. These defendants admit that they are subject to ACMGE standards and requirements.

39. To the extent that such a letter exists, these defendants assert that the letter speaks for itself.

40. These defendants admit that Dr. Weisse was formerly the Program Director of the Pediatric Residency Program.

41, 42, 43. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 41, 42 and 43 of the complaint.

44. To the extent that such a letter exists, the letter speaks for itself.

45. To the extent that such a letter exists, the letter speaks for itself. These defendants deny the remaining allegations in paragraph 45 of the complaint.

46. To the extent that such a letter exists, the letter speaks for itself. These defendants deny the remaining allegations in paragraph 46 of the complaint.

47. To the extent that such an email exists, the email speaks for itself.

48, 49, 50, 51, 52. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 48, 49, 50, 51 and 52 of the complaint.

53. These defendants admit that Mr. Wolfe sent a letter; assert that the letter speaks for itself; and deny the remaining allegations in paragraph 53 of the complaint.

54, 55, 56, 57, 58, 59. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 54, 55, 56,57,58 and 59 of the complaint.

60. These defendants deny the allegations in paragraph 60 of the complaint.

61. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the complaint.

62, 63, 64. These defendants deny the allegations in paragraphs 62, 63 and 64 of the complaint.

65. To the extent that such an email exists, the email speaks for itself.

66. These defendants admit the allegations in paragraph 66 of the complaint.

67. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the complaint.

68, 69, 70. To the extent such emails exist, they speak for themselves.

71. These defendants deny the allegations in paragraph 71 of the complaint.

72, 73, 74, 75, 76. To the extent such emails exist, they speak for themselves.

77. These defendants deny the allegations in paragraph 77 of the complaint.

78, 79. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 78 and 79 of the complaint.

80. To the extent such an email exists, the email speaks for itself.

81, 82. To the extent such an evaluation note exists, the note speaks for itself. These defendants deny the remaining allegations in paragraphs 81 and 82 of the complaint.

83, 84. To the extent these documents exist, the documents speak for themselves. These defendants deny the remaining allegations in paragraphs 83 and 84 of the complaint.

85. These defendants admit that plaintiff began a one month PACC rotation, not a continuity clinic rotation, on January 1, 2005.

86. These defendants deny that the Pediatric Residency Program was contrary to the ACGME program requirements.

87, 88. These defendants deny the allegations in paragraphs 87 and 88 of the complaint.

89. These defendants admit that plaintiff attended the Continuity Clinic and the Pediatric Acute Care Clinic but deny the remaining allegations in paragraph 89 of the complaint.

90, 91, 92, 93, 94. These defendants deny the allegations in paragraphs 90, 91, 92, 93 and 94.

95. These defendants assert that they conducted themselves in accordance with all applicable policies and procedures and that none of them acted wrongfully or inappropriately.

96, 97, 98, 99, 100, 101. These defendants deny the allegations in paragraphs 96, 97, 98, 99, 100 and 101.

COUNT I

102. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 101 of the complaint.

103, 104. These defendants deny the allegations in paragraphs 103 and 104 of the complaint.

COUNT II

105. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 104 of the complaint.

106, 107. These defendants deny the allegations in paragraphs 106 and 107 of the complaint.

COUNT II (second)

108. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 107 of the complaint.

109. These defendants cannot admit to or deny the legal conclusions in paragraph 109 of the complaint.

110, 111. These defendants deny the allegations in paragraphs 110 and 111 of the complaint.

COUNT III

112. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 111 of the complaint.

113. These defendants admit the allegations in paragraph 113 of the complaint.

114, 115, 116. These defendants deny the allegations in paragraphs 114, 115 and 116 of the complaint.

COUNT IV

117. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 116 of the complaint.

118. These defendants admit that plaintiff was employed by WVU in its pediatric residency program.

119, 120. These defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 119 and 120 of the complaint.

COUNT V

121. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 120 of the complaint.

122. These defendants cannot admit to or deny the legal conclusions in paragraph 122 of the complaint.

123, 124, 125. These defendants deny the allegations in paragraphs 123, 124 and 125 of the complaint.

COUNT VI

126. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 125 of the complaint.

127, 128, and 129. These defendants deny the allegations in paragraphs 127, 128 and 129 of the complaint.

COUNT VII

130. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 129 of the complaint.

131, 132, 133. These defendants deny the allegations in paragraphs 131, 132 and 133 of the complaint.

COUNT VIII

134. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 133 of the complaint.

135. These defendants cannot admit to or deny the legal conclusions in paragraph 135 of the complaint.

136, 137. These defendants deny the allegations in paragraphs 136 and 137 of the complaint.

COUNT IX

138. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 137 of the complaint.

139, 140. These defendants deny the allegations in paragraphs 139 and 140 of the complaint.

COUNT X

141. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 140 of the complaint.

142, 143, 144. These defendants deny the allegations in paragraphs 142, 143 and 144 of the complaint.

COUNT XI

145. These defendants incorporate their answers and other defenses to the allegations in paragraphs 1 through 144 of the complaint.

146, 147. These defendants deny the allegations in paragraphs 146 and 147 of the complaint.

148. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the complaint.

149. These defendants deny the allegations in paragraph 149 of the complaint.

These defendants deny each and every allegation of the complaint not specifically admitted.

WHEREFORE, defendants demand that the complaint against them be dismissed and that they be awarded their defense costs.

/s/ Richard M. Yurko, Jr.
Richard M. Yurko, Jr. (WVSB # 4180)

STEPTOE & JOHNSON PLLC

Chase Center
P. O. Box 2190
Clarksburg, WV 26302-2190
(304) 624-8000

**Counsel for Defendants West Virginia University College of Medicine and Health Sciences Center, University Health Associates, Ferrari, Weisse, Matthew Brunner, Nancy Brunner, Perkins, Pumphrey, Someshwar, Larzo, Troischt Hixenbaugh, and Wolfe**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2007, I electronically filed **"Answer of Defendants West Virginia University College of Medicine and Health Sciences Center, University Health Associates, Ferrari, Weisse, Matthew Brunner, Nancy Brunner, Perkins, Pumphrey, Someshwar, Larzo, Troischt Hixenbaugh, and Wolfe"** with the Clerk of the Court using the CM/ECF system and to the following by depositing a true copy thereof in the United States mail, postage prepaid, in an envelope addressed as follows:

Dhiraj Chhaparwal, M.D.
207 Gibson Boulevard #9
Clark, NJ 07066

/s/ Richard M. Yurko, Jr.
Richard M. Yurko, Jr. (WVSB # 4180)

STEPTOE & JOHNSON PLLC

Chase Center
P. O. Box 2190
Clarksburg, WV 26302-2190
(304) 624-8000

**Counsel for Defendants West Virginia University College of Medicine and Health Sciences Center, University Health Associates, Ferrari, Weisse, Matthew Brunner, Nancy Brunner, Perkins, Pumphrey, Someshwar, Larzo, Troischt Hixenbaugh, and Wolfe**