IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DHIRAJ CHHAPARWAL, M.D.,

    Plaintiff,

v.                                          Civil Action No. 1:07CV89
                                                       (STAMP)
WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,
WEST VIRGINIA COLLEGE OF MEDICINE AND
HEALTH SERVICES CENTER,
UNIVERSITY HEALTH ASSOCIATES,
BRUCE McCYLMONDS, President and CEO,
NORMAN FERRARI, III, M.D., MARTIN WEISSE, M.D.,
MATTHEW BRUNNER, M.D., NANCY BRUNNER, M.D.,
KATHLEEN PERKINS, M.D., JENNIFER PUMPHREY, M.D.,
JEAN SOMESHWAR, M.D., MELISSA LARZO, M.D.,
MEGAN TROISCHT, M.D., HEATHER HIXENBAUGH, M.D.,
MICHAEL WOLFE and JOHN DOES I-X,

    Defendants.

**O R D E R**

On November 26, 2007, defendants, West Virginia University Hospitals, Inc. and Bruce McClymonds, filed a motion to dismiss the complaint for insufficient service of process. The Court notes that the plaintiff is proceeding pro se.[1] The Court has a mandatory duty to advise the plaintiff of his right to file responsive material and to alert him to the fact that his failure to so respond might result in the entry of an order of dismissal. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The plaintiff is so advised.

---

[1] Pro se - "One who represents oneself in a court proceeding without the assistance of a lawyer." Black's Law Dictionary 1237 (7th ed. 1999).

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the Court must take all well-pleaded material allegations as admitted, but conclusions of law and unwarranted deductions of fact are not admitted.  A complaint may be dismissed if the law does not support the conclusions argued, or where the facts alleged are not sufficient to support the claim presented." Mylan Laboratories, Inc. v. AKZO, N.V., 770 F.Supp. 1053, 1059 (D. Md. 1991).  A complaint should not be dismissed unless it appears to a certainty that there is no set of facts which could be proved to support a claim or which would entitle the plaintiff to relief. 2A Moore's Federal Practice § 12.08 at 2271-74 (2d ed. 1983).

Within 15 days of entry of this order, the plaintiff shall file any opposition explaining why his case should not be dismissed.  The defendants shall have ten days following the filing of plaintiff's response to file a reply memorandum.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein.

DATED:    December 17, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE