IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIRAJ CHHAPARWAL, M.D.,

    Plaintiff,

v.                                  Civil Action No. 1:07CV89
                                           (STAMP)

WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,
WEST VIRGINIA COLLEGE OF MEDICINE AND
HEALTH SERVICES CENTER,
UNIVERSITY HEALTH ASSOCIATES,
BRUCE McCLYMONDS, President and CEO,
NORMAN FERRARI, III, M.D., MARTIN WEISSE, M.D.,
MATTHEW BRUNNER, M.D., NANCY BRUNNER, M.D.,
KATHLEEN PERKINS, M.D., JENNIFER PUMPHREY, M.D.,
JEAN SOMESHWAR, M.D., MELISSA LARZO, M.D.,
MEGAN TROISCHT, M.D., HEATHER HIXENBAUGH, M.D.,
MICHAEL WOLFE and JOHN DOES 1-X,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION OF DEFENDANTS
WEST VIRGINIA UNIVERSITY HOSPITALS, INC.
AND BRUCE MCCLYMONDS TO DISMISS COMPLAINT
FOR INSUFFICIENT SERVICE OF PROCESS,
GRANTING PLAINTIFF'S REQUEST FOR AN ENLARGEMENT
OF TIME TO EFFECT SERVICE OF PROCESS
AND SETTING DEADLINE FOR
PLAINTIFF TO EFFECT SERVICE OF PROCESS**

I.  Background

Diraj Chhaparwal, M.D., ("Chhaparwal") is proceeding as a pro se[1] plaintiff in the above-styled civil action. On June 29, 2007, Chhaparwal filed a complaint against numerous defendants, including West Virginia University Hospitals, Inc. ("WVUH") and Bruce

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

McClymonds ("McClymonds"), in which Chhaparwal alleges unlawful discrimination and various causes of action lying in tort and contract. Chhaparwal brought his claim at the Martinsburg point of holding court of the United States District Court for the Northern District of West Virginia.[2] Subsequently, the Clerk of Court sent Chhaparwal guidelines for pro se plaintiffs who are filing civil suit in federal court. These guidelines, which were sent to Chhaparwal on July 2, 2007, provide information pertaining to service of process and refer to Rule 4 of the Federal Rules of Civil Procedure. The guidelines also advise pro se plaintiffs of their responsibility for effecting service upon all defendants.

On October 26, 2007, Chhaparwal, using certified mail, sent defendants WVUH and McClymonds summonses and copies of the complaint, which had been signed and sealed by the Clerk of Court. On November 26, 2007, defendants WVUH and McClymonds filed a motion pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, seeking dismissal of the complaint against them for insufficient service of process. Chhaparwal filed a timely response opposing the motion. In his response, he requested an extension of time to effect service of process. WVUH and McClymonds timely replied.

---

[2]This case was initially assigned to the Honorable Irene M. Keeley at the Clarksburg point of holding court of the United States District Court for the Northern District of West Virginia, and was subsequently transferred to the undersigned judge at the Wheeling point of holding court of the United States District Court for the Northern District of West Virginia.

Chhaparwal subsequently filed a second memorandum, which, as discussed below, this Court construes as a motion for an enlargement of time to effect service on all defendants.

After considering the parties' memoranda and the applicable law, this Court finds that the motion of defendants West Virginia University Hospitals, Inc. and Bruce McClymonds to dismiss the complaint for insufficient service of process should be denied, and that the request of plaintiff Diraj Chhaparwal, M.D., for additional time to obtain service of process upon WVUH and McClymonds should be granted.

## II. Legal Standard

A motion to dismiss may be based on "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). The requirements for service of process are set forth in Federal Rule of Civil Procedure 4(c)(1), which provides that a plaintiff is responsible for serving a summons, together with a copy of the complaint, within the time allowed under Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m), in turn, prescribes a 120-day period after the filing of the complaint during which a plaintiff must effect service. Fed. R. Civ. P. 4(m).

Rule 4(m), however, also states that a court must extend the time for service where a plaintiff who has failed to effect service within the prescribed 120-day period after the filing of the complaint shows good cause for such failure. Id. An extension of

time may also be granted under Rule 6(b) of the Federal Rules of Civil Procedure upon a showing of excusable neglect where a plaintiff's motion for an enlargement of time to effect service is made after the 120-day period has passed. Fed. R. Civ. P. 4(m).

In determining whether to dismiss for insufficient service of process, courts apply the same test for "good cause" under Rule 4(m) and for "excusable neglect" under Rule 6(b)(2). MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). To avoid dismissal under either rule, a plaintiff must show good faith and some reasonable basis for the failure to effect service during the time specified in the rules. Nanyonga v. I.N.S., 200 F.R.D. 503, 506 (M.D. Pa. 2001). A court may find such a showing where the plaintiff has attempted but not completed service, where the plaintiff was confused about the requirements of service, or where circumstances beyond the plaintiff's control prevented service. Mateo v. M/S KISO, 805 F. Supp. 792, 795 (N.D. Cal. 1992).

A number of factors are relevant to determining whether good cause (or excusable neglect) exists to extend the time for service. These factors include, for example, whether a reasonable effort to effect service has been made (Television Signal Corp. v. City & County of San Francisco, 193 F.R.D. 645, 646 (N.D. Cal. 2000) ("Television Signal Corp")); whether the delay will prejudice a defendant; (Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y.

4

2003)); and whether the plaintiff has filed a Rule 6(b) motion for an extension of time to effect service of process (<u>Television Signal Corp.</u> at 646).

Also relevant to the determination is whether the plaintiff is proceeding <u>pro se</u>. Although a plaintiff's <u>pro se</u> status does not, standing alone, excuse untimely service (see <u>Hammad v. Tate Access Floors, Inc.</u>, 31 F. Supp. 2d 524 (D. Md. 1999)), <u>pro se</u> litigants are accorded more leeway than are those represented by attorneys to correct defects in service of process. <u>Moore v. Agency for Int'l Development</u>, 994 F.2d 874, 876 (1993).

### III. <u>Discussion</u>

Defendants WVUH and McClymonds argue that Chhaparwal's claims against them should be dismissed because Chhaparwal did not effect service of process on them within the 120-day period prescribed by the Federal Rules of Civil Procedure. According to defendant WVUH, Chhaparwal did not effect service upon it because, pursuant to Federal Rule of Civil Procedure 4 and West Virginia Rule of Civil Procedure 4, service by certified mail is effected upon a corporation, such as WVUH, only when the summons and complaint are mailed by the Clerk to an individual or appropriate agent of the corporation, with return receipt requested and delivery restricted. In this case, Chhaparwal himself, not the Clerk, sent the signed and sealed summons and complaint by certified mail, with no return receipt and no delivery restriction, and he addressed the mailing

to WVUH as an entity, not to an individual or authorized agent of WVUH.

Similarly, defendant McClymonds contends that service was not effected upon him because Chhaparwal, rather than the Clerk, sent the summons and complaint by certified mail, without delivery restricted to the addressee. Therefore, McClymonds states, service was not in accordance with Federal Rule of Civil Procedure 4 and West Virginia Rule of Civil Procedure 4.

Furthermore, both WVUH and McClymonds observe that Chhaparwal failed to file a return of service with the Court certifying service of the summons and complaint upon WVUH and McClymonds. Because the 120-day period prescribed for effecting service has expired, WVUH and McClymonds assert that Chhapparwal's claims against them should be dismissed for insufficient service of process.

In response to the motion to dismiss, Chhaparwal filed a memorandum in opposition, styled "Memorandum of Law in Support of Cross Motion Opposing Motion of Defendants West Virginia University Hospitals, Inc., and Bruce McClymonds for Dismissal of Complaint for Insufficient Service of Process."[3] Chhaparwal contends that,

---

[3]On December 17, 2007, this Court entered an order pursuant to Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979), and Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), advising the plaintiff of his right to file responsive material and to alert him to the fact that his failure to so respond might result in the entry of an order of dismissal. This Court observes that Chhaparwal filed two responses in opposition to the motion by

pursuant to Federal Rule of Civil Procedure 4(m), the motion should be denied because he has shown good cause for his failure to effect service of process within the specified time. Specifically, Chhaparwal states that, on multiple occasions, he contacted various Clerk's offices of the United States District Court for the Northern District of West Virginia personally, by mail, and by telephone, making a good-faith effort to effect service timely and properly. He further states that he followed the Clerk's directions on serving the defendants. Chhaparwal also avers that he was never provided with the West Virginia Rules of Civil Procedure and contends that he received inadequate and misleading information from the various offices of the Clerk of this Court.

In support of his contentions, Chhaparwal has filed a number of documents demonstrating his efforts to effect service of

---

defendants WVUH and McClymonds to dismiss. Chhaparwal's second response, filed on December 31, 2007, was styled "Memorandum of Law in Support of Cross Motion Opposing Motion of Defendants West Virginia University Hospitals, Inc., [e]t al. for Dismissal of Complaint." On January 3, 2008, defendants WVUH and McClymonds submitted a letter to this Court informing this Court that they did not intend to reply to the second memorandum filed by Chhaparwal and stating their belief that this Court should disregard Chhaparwal's second memorandum when making its ruling on their motion to dismiss. This Court observes that the only differences between the first and second memoranda are their captions and the addition in the second memorandum of exhibits that do not pertain to WVUH or McClymonds, or attempts to serve process on either of these two defendants. Accordingly, this Court finds that the second memorandum provides no additional information relating to the motion by WVUH and McClymonds to dismiss for insufficient service of process and, therefore, this Court need not consider it for purposes of deciding the motion.

process. These documents include, for example, telephone records showing calls he made to the Clerk's offices in Elkins, West Virginia and in Wheeling, West Virginia.[4] They also include a letter dated October 22, 2007[5] to Chhaparwal from the Clerk's office in Wheeling indicating enclosure of the signed and sealed summonses issued for Chhaparwal's case; instructing Chhaparwal to complete service on the defendants; informing him of the steps to take after completing service; and advising him to send the completed, original summonses and all future pleadings to the Clerk's office in Clarksburg, West Virginia. Another attachment filed with his response was a letter dated November 1, 2007 from Chhaparwal to the Clerk's Office in Clarksburg, expressing his confusion about which court is handling his case. Additionally, Chhaparwal filed copies certified mail receipts, dated October 26, 2007, which show WVUH and McClymonds as addressees.

Chhaaparwal's response not only contends that he had good cause for failing to serve process within the allotted time, but also reflects a request for additional time to effect service upon the defendants, which this Court construes as a motion filed

---

[4]Chhaparwal's records indicate that he called the Clerk's Office in Elkins, West Virginia October 12, 2007 and October 19, 2007 and that he called the Clerk's Office in Wheeling, West Virginia on October 19, 2007, October 24, 2007, October 25, 2007, and October 26, 2007.

[5]According to the postmark on the envelope, the letter was mailed on October 23, 2007.

pursuant to Federal Rule of Civil Procedure 6(b). In reply, defendants WVUH and McClymonds argue that Chhaparwal has not made a showing of good cause because the July 9, 2007 order entered by the Honorable Irene M. Keeley transferring the case to the undersigned judge specifically directed Chhaparwal to file all pleadings and correspondence with the Clerk at the Wheeling point of holding court. WVUH and McClymonds also contend that because the Clerk issued the summons for each of the defendants on October 22, 2007, which fell within the 120-day period, Chhaparwal's efforts to send the summonses himself, by certified mail, warrant dismissal for insufficient process.

Based upon the record before it, this Court concludes that Chhaparwal has acted in good faith and has made a reasonable effort to timely and properly serve process upon the defendants. Specifically, on October 26, 2007, Chhaparwal attempted to serve defendants WVUH and McClymonds by promptly sending them the summonses and copies of the complaint by certified mail as soon as he received them from the Clerk's office. Furthermore, although Chhaparwal was provided with the guidelines for filing a civil claim in federal court, he may have been confused about information he believes he later received. However, this Court does not find that Chhaparwal was at any time either intentionally or negligently misled by any representative of the Clerk's office. At best, Chhaparwal misunderstood certain information given to him by the

Clerk's office. At this point, Chhaparwal should have sufficient information to effect service of process as to all defendants within the period granted by this Court.

Additionally, no prejudice will result to defendants WVUH and McClymonds if Chhaparwal's time for effecting service is enlarged. They already know that the litigation is underway and that they are named defendants in the complaint filed by Chhaparwal.

This Court observes that Chhaparwal has requested additional time to effect service, but that he stated he was doing so pursuant to Rule 4(m). Chhaparwal's request was made after the 120-day period had run. Therefore, it is unclear whether his request falls under Rule 4(m), which is how he categorizes it and which requires a showing of good cause, or under Rule 6(b), which requires a showing of excusable neglect. Because the test for good cause under Rule 4(m) is generally equated with the test for excusable neglect under Rule 6(b)(2), this Court's conclusion would be the same under either rule. Accordingly, under the circumstances of this case, this Court believes that it is appropriate to construe Chhaparwal's request as a Rule 6(b)(2) motion, and, therefore, a factor weighing in Chhaparwal's favor.

Finally, given Chhaparwal's status as a <u>pro se</u> litigant and his attempts to serve process upon the defendants, his factual assertions concerning his efforts to effect service should be viewed in a light most favorable to him. For these reasons, this

Court finds that Chhaparwal has demonstrated good cause for his failure to effect service of process within the 120-day period prescribed in Rule 4(m). Accordingly, the motion by defendants WVUH and McClymonds to dismiss for insufficient service of process should be denied, and Chhaparwal's request for an extension of time to effect service upon WVUH and McClymonds should be granted.[6]

IV. Conclusion

For the above reasons, the motion to dismiss by defendants West Virginia University Hospitals, Inc. and Bruce McClymonds is DENIED and the request by the plaintiff, Dr. Diraj Chhaparwal, M.D., for an enlargement of time to effect service of process is GRANTED. The plaintiff shall complete service of process on or before **April 4, 2008** upon West Virginia University Hospitals, Inc. and Bruce McClymonds.

IT IS SO ORDERED.

The Clerk is DIRECTED to file with this order a copy of "Guide for Filing Federal Civil Suits," attached; a copy of Federal Rule of Civil Procedure 4, attached; and a copy of West Virginia Federal Rule of Civil Procedure 4, attached. The Clerk is further DIRECTED to transmit a copy of this memorandum opinion and order, with attachments, to counsel of record herein and to the pro se plaintiff, Diraj Chhaparwal, M.D., at the address listed on the

---

[6]The other named defendants in this action have filed an answer without contesting service of process.

11

electronic filing system, c/o Shivaram, 71 Gristmill Road, Randolph, New Jersey, 07869, and at the address listed on his most recent filing with this Court, 207 Gibson Blvd. #9, Clark, New Jersey, 07066.

DATED:   February 7, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE