IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIRAJ CHHAPARWAL, M.D.,

    Plaintiff,

v.                                      Civil Action No. 1:07CV89
                                                      (STAMP)
WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,
WEST VIRGINIA COLLEGE OF MEDICINE AND
HEALTH SERVICES CENTER,
UNIVERSITY HEALTH ASSOCIATES,
BRUCE McCLYMONDS, President and CEO,
NORMAN FERRARI, III, M.D., MARTIN WEISSE, M.D.,
MATTHEW BRUNNER, M.D., NANCY BRUNNER, M.D.,
KATHLEEN PERKINS, M.D., JENNIFER PUMPHREY, M.D.,
JEAN SOMESHWAR, M.D., MELISSA LARZO, M.D.,
MEGAN TROISCHT, M.D., HEATHER HIXENBAUGH, M.D.,
MICHAEL WOLFE and JOHN DOES 1-X,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO TRANSFER CASE**

I.  Background

Diraj Chhaparwal, M.D., ("Chhaparwal") is proceeding as a pro se[1] plaintiff in the above-styled civil action. On June 29, 2007, Chhaparwal filed a complaint against numerous defendants, in which Chhaparwal alleges unlawful discrimination and various causes of action lying in tort and contract. Chhaparwal brought his claim in the United States District Court for the Northern District of West Virginia.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

On February 20, 2008, Chhaparwal filed a motion to transfer the case outside of the State of West Virginia ("motion to transfer"). Defendants West Virginia University College of Medicine and Health Sciences Center, University Health Associates, Norman Ferrari, III, M.D., Martin Weisse, M.D., Matthew Brunner, M.D., Nancy Brunner, M.D., Kathleen Perkins, M.D., Jennifer Pumphrey, M.D., Jean Someshwar, M.D., Melissa Larzo, M.D., Megan Troischt, M.D., Heather Hixenbaugh, M.D., and Michael Wolffe filed a response in opposition to Chhaparwal's motion. Defendants West Virginia University Hospitals, Inc. ("WVHU") and Bruce McClymonds then filed a joinder in opposition to Chhaparwal's motion to transfer.[2] Chhaparwal filed no reply.

Chhaparwal's motion to transfer is now fully briefed and ripe for review. For the reasons stated below, this Court finds that the motion must be denied.

## II. Legal Standard

A motion to transfer a case to another venue is subject to the provisions of 28 U.S.C. §§ 1404(a) and 1391(a). Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought"

---

[2]Defendants WVUH and McClymonds state that they have not yet been served, but that, to the extent this Court requires a response from them, they join in opposition to the plaintiff's motion by defendants West Virginia University College of Medicine and Health Sciences Center, University Health Associates, Ferrari, Weisse, Matthew Brunner, Nancy Brunner, Perkins, Pumphrey, Someshwar, Larzo, Troischt, Hixenbaugh, and Wolffe.

where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The question of where a civil action based solely on diversity of citizenship "might have been brought" is answered in 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

For a civil action which is not based wholly on diversity of citizenship, 28 U.S.C. § 1391(b) answers the question of where such action "might have been brought":

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

III. <u>Discussion</u>

The federal law governing venue prohibits the transfer of this case to a court outside the State of West Virginia because Chhaparwal could not have initiated this suit in any other federal district court. For purposes of venue, all of the defendants are citizens of West Virginia, and Chhaparwal is a citizen of New Jersey. The conduct and events of which Chhaparwal complains occurred exclusively in West Virginia. Because all of the defendants are citizens of West Virginia and all of the events giving rise to Chhaparwal's claims occurred in West Virginia, venue lies only in West Virginia. Therefore, this action is not one which initially "might have been brought" in a federal court outside of West Virginia. In light of the restrictions which federal venue law imposes upon the transfer of a case to another district court, this Court must deny Chhaparwal's motion to transfer.

Furthermore, even if this action "might have been brought" in another district, this Court would decline to order a transfer for two reasons. First, considerations of convenience weigh heavily in favor of venue in this Court. Although Chhapparwal is a resident of New Jersey, all of the defendants are residents of West Virginia, and all of the conduct forming the basis of Chhaparwal's suit occurred in West Virginia. Moreover, the witnesses and documents relating to the plaintiff's claims are located primarily

--indeed, almost exclusively--in West Virginia. Weighing the convenience of the parties and witnesses, this Court finds that the United States District Court for the Northern District of West Virginia provides the most appropriate venue. Second, to the extent that Chhaparwal implies that he will be unable to receive a fair trial in West Virginia, this concern seems to be best suited, if at all, to the arguments that he advanced in his response to the motion by WVHU and McClymonds to dismiss, which this Court has previously denied. Accordingly, this Court finds that the circumstances and posture of this case strongly support venue in this district, and this Court would therefore decline to transfer this action even if permitted to do so under the federal venue statute.

## IV. Conclusion

For the above reasons, the plaintiff's motion to transfer the case outside of the State of West Virginia is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff, Diraj Chhaparwal, M.D., and to counsel of record herein.

DATED:    March 14, 2008

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE