IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIRAJ CHHAPARWAL, M.D.,

    Plaintiff,

v.                                           Civil Action No. 1:07CV89
                                                            (STAMP)

WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,
WEST VIRGINIA COLLEGE OF MEDICINE AND
HEALTH SERVICES CENTER,
UNIVERSITY HEALTH ASSOCIATES,
BRUCE McCLYMONDS, President and CEO,
NORMAN FERRARI, III, M.D., MARTIN WEISSE, M.D.,
MATTHEW BRUNNER, M.D., NANCY BRUNNER, M.D.,
KATHLEEN PERKINS, M.D., JENNIFER PUMPHREY, M.D.,
JEAN SOMESHWAR, M.D., MELISSA LARZO, M.D.,
MEGAN TROISCHT, M.D., HEATHER HIXENBAUGH, M.D.,
MICHAEL WOLFE and JOHN DOES 1-X,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION OF DEFENDANTS
WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,
AND BRUCE McCLYMONDS TO DISMISS
FOR INSUFFICIENT SERVICE OF PROCESS
AND DISMISSING COMPLAINT WITH PREJUDICE
AS TO DEFENDANTS WEST VIRGINIA UNIVERSITY
HOSPITALS, INC. AND BRUCE McCLYMONDS**

I.   Facts and Procedural History

    Diraj Chhaparwal, M.D. ("Chhaparwal") is proceeding as a pro se[1] plaintiff in the above-styled civil action. On June 29, 2007, Chhaparwal filed a complaint against numerous defendants, including West Virginia University Hospitals, Inc. ("WVUH") and Bruce

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

McClymonds ("McClymonds"), in which Chhaparwal alleges unlawful discrimination and various causes of action lying in tort and contract.

Defendants WVUH and McClymonds filed a motion pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, seeking dismissal of the complaint against them for insufficient service of process. Chhaparwal filed a timely response opposing the motion. In his response, he requested an extension of time to effect service of process. After considering the parties' briefs and the applicable law, this Court entered an order on February 7, 2008, denying the motion by defendants WVUH and McClymonds to dismiss for insufficient service of process, granting Chhaparwal's request for an enlargement of time to effect service of process, and setting a deadline of April 4, 2008, for completing service of process upon WVUH and McClymonds.

On April 17, 2008, WVUH and McClymonds filed a second motion to dismiss for insufficient service of process. This Court issued a <u>Roseboro</u> notice, and Chhaparwal then filed a response to the second motion to dismiss. WVUH and McClymonds filed a reply. Chhaparwal then submitted a supplemental filing. Defendants WVUH and McClymonds' motion has been fully briefed and is now ripe for disposition. For the reasons set forth below, this Court finds that the motion by defendants WVUH and McClymonds to dismiss the complaint against them for insufficient service of process should

be granted, and that WVUH and McClymonds should be dismissed with prejudice as defendants in this action.

## II. Legal Standard

A motion to dismiss may be based on "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). The requirements for service of process are set forth in Federal Rule of Civil Procedure 4(c)(1), which provides that a plaintiff is responsible for serving a summons, together with a copy of the complaint, within the time allowed under Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m), in turn, prescribes a 120-day period after the filing of the complaint during which a plaintiff must effect service. Fed. R. Civ. P. 4(m).

Rule 4(m), however, also states that a court must extend the time for service where a plaintiff who has failed to effect service within the prescribed 120-day period after the filing of the complaint shows good cause for such failure. Id. An extension of time may also be granted under Rule 6(b) of the Federal Rules of Civil Procedure upon a showing of excusable neglect where a plaintiff's motion for an enlargement of time to effect service is made after the 120-day period has passed. Fed. R. Civ. P. 4(m).

In determining whether to dismiss for insufficient service of process, courts apply the same test for "good cause" under Rule 4(m) and for "excusable neglect" under Rule 6(b)(2). MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097

(3d Cir. 1995). To avoid dismissal under either rule, a plaintiff must show good faith and some reasonable basis for the failure to effect service during the time specified in the rules. Nanyonga v. I.N.S., 200 F.R.D. 503, 506 (M.D. Pa. 2001). A court may find such a showing where the plaintiff has attempted but not completed service, where the plaintiff was confused about the requirements of service, or where circumstances beyond the plaintiff's control prevented service. Mateo v. M/S KISO, 805 F. Supp. 792, 795 (N.D. Cal. 1992).

A number of factors are relevant to determining whether good cause (or excusable neglect) exists to extend the time for service. These factors include, for example, whether a reasonable effort to effect service has been made (Television Signal Corp. v. City & County of San Francisco, 193 F.R.D. 645, 646 (N.D. Cal. 2000) ("Television Signal Corp")); whether the delay will prejudice a defendant; (Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003)); and whether the plaintiff has filed a Rule 6(b) motion for an extension of time to effect service of process (Television Signal Corp. at 646).

Also relevant to the determination is whether the plaintiff is proceeding pro se. Although a plaintiff's pro se status does not, standing alone, excuse untimely service (see Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524 (D. Md. 1999)), pro se litigants are accorded more leeway than are those represented by attorneys to

4

correct defects in service of process. Moore v. Agency for Int'l Development, 994 F.2d 874, 876 (1993).

## III. Discussion

Defendants WVUH and McClymonds argue that Chhaparwal's claims against them should be dismissed because Chhaparwal failed to effect proper service upon them within the time allotted by Federal Rule of Civil Procedure 4(m), as extended by this Court's February 7, 2008, order. According to WVUH and McClymonds, Chhaparwal has not attempted service on either of them since this Court granted him an enlargement of time. In view of Chhaparwal's failure to complete--or even to attempt--service on them, these defendants argue that Chhaparwal's claims against them should be dismissed.

In response, Chhaparwal contends that the motion to dismiss should be denied because he has shown good cause for his failure to effect service of process within the specified time. As grounds for this contention, Chhaparwal repeats the history of his initial efforts to effect service of process and recounts his communications with various offices of the Clerk of this Court to explain why he was unable to effect service of process on WVUH and McClymonds within the initial period prescribed by Rule 4(m). Chhaparwal does not, however, set forth any facts to demonstrate that he renewed his efforts to effect service of process after this Court granted him additional time in which to do so. Rather, he appears to argue that he should be granted a second extension

because he has shown good cause for his initial failure. In the complete absence of any facts showing a failed attempt to serve WVUH and McClymonds during the renewed period which was somehow related to Chhaparwal's initial failure, the proffered reasons for his initial failure are immaterial.

A second reason Chhaparwal seems to advance in support of his position that the motion to dismiss should be denied is a rather veiled allegation of discrimination against him by the Clerk's office. Chhaparwal repeatedly alleges that he was deliberately misled by the Clerk's office and suggests, indirectly, that the Clerk's office discriminated against him because of his status as a pro se litigant and because of his race and/or nationality. Chhaparwal offers no factual support for his allegation that he was deliberately misled or for his suggestion that he has been the subject of discrimination. Accordingly, this Court finds no reason to deny the defendants' motion on the basis of these unsupported allegations.

In a separate filing dated May 30, 2008, in which Chhaparwal requests a transfer of this action to a federal court outside the State of West Virginia, Chhaparwal seems to raise two additional arguments for denying the motion to dismiss. Chhaparwal informs this Court that he was traveling abroad from February 4, 2008, until March 26, 2008, for a family medical emergency and states that he remains unemployed and is therefore unable to afford the

court fees and costs associated with effecting proper service. To the extent that Chhaparwal has presented this information to support his argument that he has shown good cause for his failure to effect proper service of process, this Court remains unpersuaded.[2] Under the circumstances of this case, in which Chhaparwal has already been granted one extension, his belated contention that he should be allowed additional time to properly serve WVUH and McClymonds because of an inability to pay the costs associated with doing so does not constitute good cause for granting a second enlargement of time to perfect service, particularly when he did not advance this argument in his response to the motion to dismiss or in a motion of his own.

Finally, Chhaparwal's May 30, 2008 filing invokes Federal Rule of Civil Procedure 4(l) for the proposition that failure to prove service does not affect the validity of service and that, therefore, this Court should extend the period of time to effect service. Chhaparwal's reliance upon Rule 4(l) is misplaced. Rule 4(l)(3) provides that the court may permit proof of service to be amended where valid service has been effected but there has been a

---

[2]The proper course of action for plaintiffs who believe that they are unable to afford the costs of filing a complaint and effecting service is to file an application to proceed in forma pauperis and a financial affidavit demonstrating the inability to pay court fees and costs. Information about how to file such an application is set forth in this Court's "Guide for Filing Federal Civil Suits," which was filed as an attachment to the February 7, 2008, order granting Chhaparwal an enlargement of time to effect service of process on WVUH and McClymonds.

7

failure by a party to prove service. Inherent in the provisions of Rule 4(l) is the assumption that valid service has been effected and that only proof of service is imperfect. Chhaparwal has raised no facts to support a contention that he effected valid service upon WVUH and McClymonds during either the initial period required by Rule 4(m) or the extended period granted by this Court and that his failure was only to show proof of service. Accordingly, this argument must be rejected.

Because Chhaparwal does not appear to have made any renewed attempt to effect service upon defendants WVUH and McClymonds, and because he has presented no facts or arguments which justify his failure to serve them within the extended time frame permitted by this Court's February 7, 2008 order, this Court finds that Chhaparwal has failed to demonstrate good cause or a reasonable basis for his continued failure to effect service of process. Accordingly, the motion by defendants WVUH and McClymonds to dismiss for insufficient service of process should be granted, and WVUH and McClymonds should be dismissed with prejudice as defendants in this action.

IV. Conclusion

For the above reasons, the motion to dismiss by defendants West Virginia University Hospitals, Inc., and Bruce McClymonds is GRANTED and the request by the plaintiff, Dr. Diraj Chhaparwal, M.D., for a second enlargement of time to effect service of process

is DENIED.  Accordingly, it is ORDERED that defendants West Virginia University Hospitals, Inc. and Bruce McClymonds be DISMISSED WITH PREJUDICE as defendants in this action.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the <u>pro se</u> plaintiff.

DATED:    June 23, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE