IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIRAJ CHHAPARWAL, M.D.,

     Plaintiff,

v.                                 Civil Action No. 1:07CV89
                                            (STAMP)

WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,
WEST VIRGINIA COLLEGE OF MEDICINE AND
HEALTH SERVICES CENTER,
UNIVERSITY HEALTH ASSOCIATES,
BRUCE McCLYMONDS, President and CEO,
NORMAN FERRARI, III, M.D., MARTIN WEISSE, M.D.,
MATTHEW BRUNNER, M.D., NANCY BRUNNER, M.D.,
KATHLEEN PERKINS, M.D., JENNIFER PUMPHREY, M.D.,
JEAN SOMESHWAR, M.D., MELISSA LARZO, M.D.,
MEGAN TROISCHT, M.D., HEATHER HIXENBAUGH, M.D.,
MICHAEL WOLFE and JOHN DOES 1-X,

     Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO TRANSFER CASE
AND DENYING DEFENDANT'S REQUEST FOR AN AWARD
OF ATTORNEYS' FEES AND COSTS**

I.  Facts and Procedural History

Diraj Chhaparwal, M.D. ("Chhaparwal") is proceeding as a pro se[1] plaintiff in the above-styled civil action. On June 29, 2007, Chhaparwal filed a complaint against numerous defendants, in which Chhaparwal alleges unlawful discrimination and various causes of action lying in tort and contract. Chhaparwal brought his claim in the United States District Court for the Northern District of West Virginia.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

On February 20, 2008, Chhaparwal filed a motion to transfer the case outside of the State of West Virginia ("motion to transfer"). After reviewing the parties' briefs and relevant law, this Court denied Chhaparwal's motion.

Chhaparwal has now filed a motion "appealing" the denial of his motion to transfer, which this Court believes is properly construed as a motion for relief from a judgment or order filed pursuant to Federal Rule of Civil Procedure 60(b).[2] Defendants West Virginia University College of Medicine and Health Sciences Center, University Health Associates, Ferrari, Weisse, Matthew Brunner, Nancy Brunner, Perkins, Pumphrey, Someshwar, Larzo, Troischt, Hixenbaugh, and Wolfe ("the WVU defendants") oppose the plaintiff's motion and request that they be awarded attorneys' fees and costs associated with the filing of their response to this motion. Chhaparwal filed no reply.

This Court has considered Chhaparwal's motion and the response thereto and concludes, for the reasons stated below, that Chhaparwal's "Motion Appealing to Move the Case Out of the State of

---

[2]Chhaparwal's motion is styled "Motion Appealing to Move the Case Out of the State of West Virginia" and has been docketed as "Motion to Change Venue."

West Virginia" must be denied,[3] and the WVU defendants' request for an award of attorneys' fees and costs must be denied.

II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Subsection (6) of Rule 60(b) is a "catch-all" provision which permits relief for "any other reason justifying relief from the operation of the judgment." A Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1)-(5) of Rule 60(b). 12-60 <u>Moore's Federal Practice -- Civil</u> § 60.48. Additionally, a Rule 60(b)(6) motion may not be granted absent "extraordinary circumstances." See <u>Liljeberg v. Health Servs.</u>

---

[3]This Court finds a second recitation of the facts in this case unnecessary and relies upon the facts as set forth in its March 17, 2008 memorandum opinion and order denying Chhaparwal's motion to transfer case.

Acquisition Corp., 486 U.S. 847 (1988); <u>Pierce v. United Mine Workers Welfare and Retirement Fund</u>, 770 F.2d 449 (6th Cir. 1985).

A Rule 60(b) motion may also be construed as a motion for reconsideration. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of the motion for reconsideration." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 907, 909 (3d Cir. 1985), <u>cert. denied</u>, 476 U.S. 1171 (1986). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision -- a party should not file such a motion "to ask the Court to rethink what the Court had already thought through -- rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983); <u>see also</u> <u>Robertson v. Yamaha Motor Corp., USA</u>, 143 F.R.D. 194, 196 (S.D. Ill. 1992). Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence that could not have been obtained through the exercise of due diligence." <u>Prudential Securities, Inc. v. LaPlant</u>, 151 F.R.D. 678, 679 (D. Kan. 1993).

III.  Discussion

A.  Chhaparwal's Motion "Appealing" the Denial of Motion to Transfer

In support of his motion, Chhaparwal claims that the events giving rise to this action did not occur exclusively in West Virginia because some of the effects of the defendants' conduct giving rise to Chhaparwal's claims occurred outside the State of West Virginia.  Additionally, Chhaparwal continues to advance his assertions that the Clerk of Court for this Court has deliberately misled him and that he cannot get a fair and impartial hearing before this Court or any other court in West Virginia.

Chhaparwal's motion may be construed as a motion for relief from an order pursuant to Federal Rule of Civil Procedure 60(b), or as a motion for reconsideration of this Court's order denying his earlier motion to transfer the case outside of West Virginia, which is also analyzed as a Rule 60(b) motion.  In either case, his arguments are without merit.

First, to the extent that Chhaparwal's motion is construed as requesting relief from this Court's order denying his motion to transfer the case, Chhaparwal has made no showing of grounds for relief under the factors set forth in Rule 60(b).  At most, he alleges that this Court erred by finding that all of the conduct giving rise to Chhaparwal's suit occurred exclusively in West Virginia and by finding that the Clerk of Court had sent Chhaparwal

the guidelines for <u>pro se</u> plaintiffs who filing civil suits in
federal court.  Despite Chhaparwal's assertions that some of the
effects of the defendants' alleged conduct were felt outside of
West Virginia, the fact remains that all of the alleged conduct by
the defendants is alleged to have occurred in West Virginia.
Additionally, Chhaparwal's contentions that this Court's March 17,
2008 order made any finding concerning Clerk's mailing of the <u>pro
se</u> guidelines to Chhaparwal are simply baseless.[4]  This Court's
order denying Chhaparwal's motion to transfer the case made no
finding whatsoever concerning the mailing of the <u>pro se</u> guidelines,
nor, for that matter, did it need to do so.  As this Court stated
in its March 17, 2008 order, to the extent that Chhaparwal implies
that he will be unable to receive a fair trial in West Virginia,
this concern seems best suited, if at all, to the arguments that he
previously advanced in his response to the first motion to dismiss
by then-defendants West Virginia University Hospitals, Inc. and
Bruce McClymonds.[5]  However, even if Chhaparwal's assertions were
accurate and appropriately raised, they still would not constitute

_____

[4]In its memorandum opinion and order dated February 7, 2008,
which, in part, granted Chhaparwal's request for an enlargement of
time to effect service of process, this Court did find that the
Clerk of Court sent Chhaparwal the <u>pro se</u> guidelines on July 2,
2007, as indicated by a July 2, 2007 docket entry.  This Court
stands by its finding.

[5]Upon a second motion to dismiss for insufficient service of
process, this Court, by order dated June 23, 2008, has dismissed
West Virginia University Hospitals, Inc. and Bruce McClymonds as
defendants in this action.

grounds for relief under Rule 60(b). The only subsection of Rule
60(b) that could potentially apply is subsection (6), which permits
a court to relieve a party from a final judgment, order, or
proceeding for any reason--other than those set forth in
subsections (1) through (5)--that justifies relief.[6]  However,
Chhaparwal has failed to demonstrate extraordinary circumstances
justifying relief, as required under <u>Liljeberg v. Health Servs.</u>
<u>Acquisition Corp.</u>, 486 U.S. 847 (1988).

Second, to the extent that his "appeal" seeks reconsideration
of this Court's ruling declining to transfer this action,
Chhaparwal's motion is without merit for the reasons set forth in
this Court's earlier ruling on request to transfer.

B.    <u>Request by WVU Defendants for Costs and Attorneys' Fees</u>

The defendants ask this Court to grant an award of attorneys'
fees and the costs they have incurred in responding to Chhaparwal's
motion appealing the Court's denial of his earlier motion to
transfer.  The defendants appear to request the imposition of
sanctions against Chhaparwal pursuant to Rule 11(c)(4) of the

---

[6]Subsection (1) requires a showing of mistake, inadvertence,
surprise, or excusable neglect; Chhaparwal does not claim that this
Court's ruling was the result of his mistake, inadvertence,
surprise, or excusable neglect.  Subsection (2) requires a showing
of newly discovered evidence; Chhaparwal does not purport to assert
newly discovered evidence. Subsection (3) requires a showing of
fraud, misrepresentation, or misconduct by the opposing party, none
of which Chhaparwal has alleged.  Subsections (4) and (5) concern
court judgments, and this Court has entered no judgment in this
suit.

Federal Rules of Civil Procedure, which states that sanctions, "if imposed on motion and warranted for effective deterrence," may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation [of Rule 11(b)]." Fed. R. Civ. P. 11(c)(4). However, the defendants have failed to comply with the requirements of Rule 11(c)(2), which requires a motion for sanctions to be made describing the specific conduct that allegedly violates Rule 11(b) and which requires service of the motion under Rule 5. See Fed. R. Civ. P. 11(c)(2). Accordingly, this Court will deny the defendant's request for an award of attorneys' fees. Additionally, this Court in its discretion denies the defendants' request at this time because Chhaparwal is proceeding pro se. However, plaintiff is cautioned that if he continues to file duplicative motions, or if in the future he were to file any frivolous motions, this Court will then consider appropriate action under Rule 11 or otherwise at that time.

## IV. Conclusion

For the foregoing reasons, the plaintiff's "Motion Appealing to Move the Case Out of the State of West Virginia" is DENIED, and the defendants' request for an award of attorneys' fees and costs is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff, Diraj Chhaparwal, M.D., and to counsel of record herein.

DATED:    July 9, 2008


                                    <u>/s/ Frederick P. Stamp, Jr.</u>
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE