IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DIRAJ CHHAPARWAL, M.D.,

        Plaintiff,

v.                                          Civil Action No. 1:07CV89
                                                             (STAMP)
WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,
WEST VIRGINIA COLLEGE OF MEDICINE AND
HEALTH SERVICES CENTER,
UNIVERSITY HEALTH ASSOCIATES,
BRUCE McCLYMONDS, President and CEO,
NORMAN FERRARI, III, M.D., MARTIN WEISSE, M.D.,
MATTHEW BRUNNER, M.D., NANCY BRUNNER, M.D.,
KATHLEEN PERKINS, M.D., JENNIFER PUMPHREY, M.D.,
JEAN SOMESHWAR, M.D., MELISSA LARZO, M.D.,
MEGAN TROISCHT, M.D., HEATHER HIXENBAUGH, M.D.,
MICHAEL WOLFE and JOHN DOES 1-X,

        Defendants.


             **MEMORANDUM OPINION AND ORDER**
                  **DENYING PLAINTIFF'S**
             **"APPEAL TO RECONSIDER: LETTER BRIEF"**

        I.  Facts and Procedural History

    Diraj Chhaparwal, M.D. ("Chhaparwal") is proceeding as a pro se[1] plaintiff in the above-styled civil action. On June 29, 2007, Chhaparwal filed a complaint against numerous defendants, in which Chhaparwal alleges unlawful discrimination and various causes of action lying in tort and contract. Chhaparwal brought his claim in the United States District Court for the Northern District of West Virginia.

---

    [1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

On February 20, 2008, Chhaparwal filed a motion to transfer the case outside of the State of West Virginia ("motion to transfer"). After reviewing the parties' briefs and relevant law, this Court denied Chhaparwal's motion.

Chhaparwal then filed a motion "appealing" the denial of his motion to transfer, which was docketed as "Motion to Change Venue" and which this Court construed as a motion for relief from a judgment or order filed pursuant to Federal Rule of Civil Procedure 60(b).[2] After considering Chhaparwal's motion and the response thereto, this Court denied Chhaparwal's "Motion Appealing to Move the Case Out of the State of West Virginia."

Chhaparwal then filed a notice of appeal, which the United States Court of Appeals for the Fourth Circuit denied on October 21, 2008 for lack of prosecution.

In the meantime, Chhaparwal filed what he has styled an "Appeal to reconsider: letter brief," which has been docketed as a motion for reconsideration of this Court's order denying Chhaparwal's motion for change of venue. This submission is addressed to "The United States District Court Appellate Division for the Northern District of West Virginia." Because no such division exists, this Court is unsure whether Chhaparwal intended to file his "appeal" in this Court or in the Fourth Circuit. To

---

[2]Chhaparwal's motion is styled "Motion Appealing to Move the Case Out of the State of West Virginia" and has been docketed as "Motion to Change Venue."

the extent that he intended to submit his filing in the United States District Court for the Northern District of West Virginia, this Court will deny Chhaparwal's filing as a Rule 60(b) motion.[3] To the extent that he intended to submit his filing to the United States Court of Appeals for the Fourth Circuit, this Court will deny the "appeal" as improperly filed in this Court.

## II. Facts

This Court finds a second recitation of the facts in this case unnecessary and relies upon the facts as set forth in its March 17, 2008 memorandum opinion and order denying Chhaparwal's motion to transfer case.

## III. Legal Standard

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

---

[3]It should be noted that Chhaparwal has already sought relief once under Rule 60(b) for this Court's decision to decline to transfer this case, and that this Court has denied the relief sought.

3

> applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Subsection (6) of Rule 60(b) is a "catch-all" provision which permits relief for "any other reason justifying relief from the operation of the judgment." A Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1)-(5) of Rule 60(b). 12-60 Moore's Federal Practice -- Civil § 60.48. Additionally, a Rule 60(b)(6) motion may not be granted absent "extraordinary circumstances." See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988); Pierce v. United Mine Workers Welfare and Retirement Fund, 770 F.2d 449 (6th Cir. 1985).

A Rule 60(b) motion may also be construed as a motion for reconsideration. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of the motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision -- a party should not file such a motion "to ask the Court to rethink what the Court had already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101

(E.D. Va. 1983); see also Robertson v. Yamaha Motor Corp., USA, 143 F.R.D. 194, 196 (S.D. Ill. 1992). Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaPlant, 151 F.R.D. 678, 679 (D. Kan. 1993).

## IV. Discussion

For the third time, Chhaparwal asks this Court to transfer this case outside the state of West Virginia.[4] After this Court denied his first request, which was submitted in the form of a motion to transfer this action, Chhaparwal filed a pleading which this Court construed as a Rule 60(b) motion. Finding Chhaparwal's arguments meritless, this Court found as follows:

> First, to the extent that Chhaparwal's motion is construed as requesting relief from this Court's order denying his motion to transfer the case, Chhaparwal has made no showing of grounds for relief under the factors set forth in Rule 60(b). At most, he alleges that this Court erred by finding that all of the conduct giving rise to Chhaparwal's suit occurred exclusively in West Virginia and by finding that the Clerk of Court had sent Chhaparwal the guidelines for pro se plaintiffs who filing civil suits in federal court. Despite Chhaparwal's assertions that some of the effects of the defendants' alleged conduct were felt outside of West Virginia, the fact remains that all of the alleged

---

[4]See Docket No. 24 (Motion to Transfer Case, styled, "Memorandum of Law in Support of Motion to Transfer the Case Out of the State of West Virginia"); and Docket No. 34 (Motion to Change Venue, styled, "Motion Appealing to Move Case Out of the State of West Virginia").

5

conduct by the defendants is alleged to have occurred in West Virginia. Additionally, Chhaparwal's contentions that this Court's March 17, 2008 order made any finding concerning Clerk's mailing of the pro se guidelines to Chhaparwal are simply baseless.[5] This Court's order denying Chhaparwal's motion to transfer the case made no finding whatsoever concerning the mailing of the pro se guidelines, nor, for that matter, did it need to do so. As this Court stated in its March 17, 2008 order, to the extent that Chhaparwal implies that he will be unable to receive a fair trial in West Virginia, this concern seems best suited, if at all, to the arguments that he previously advanced in his response to the first motion to dismiss by then-defendants West Virginia University Hospitals, Inc. and Bruce McClymonds.[6] However, even if Chhaparwal's assertions were accurate and appropriately raised, they still would not constitute grounds for relief under Rule 60(b). The only subsection of Rule 60(b) that could potentially apply is subsection (6), which permits a court to relieve a party from a final judgment, order, or proceeding for any reason--other than those set forth in subsections (1) through (5)--that justifies relief.[7] However, Chhaparwal has failed to demonstrate extraordinary circumstances justifying

---

[5]In its memorandum opinion and order dated February 7, 2008, which, in part, granted Chhaparwal's request for an enlargement of time to effect service of process, this Court did find that the Clerk of Court sent Chhaparwal the pro se guidelines on July 2, 2007, as indicated by a July 2, 2007 docket entry. This Court stands by its finding.

[6]Upon a second motion to dismiss for insufficient service of process, this Court, by order dated June 23, 2008, has dismissed West Virginia University Hospitals, Inc. and Bruce McClymonds as defendants in this action.

[7]Subsection (1) requires a showing of mistake, inadvertence, surprise, or excusable neglect; Chhaparwal does not claim that this Court's ruling was the result of his mistake, inadvertence, surprise, or excusable neglect. Subsection (2) requires a showing of newly discovered evidence; Chhaparwal does not purport to assert newly discovered evidence. Subsection (3) requires a showing of fraud, misrepresentation, or misconduct by the opposing party, none of which Chhaparwal has alleged. Subsections (4) and (5) concern court judgments, and this Court has entered no judgment in this suit.

>relief, as required under <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847 (1988).
>
>Second, to the extent that his "appeal" seeks reconsideration of this Court's ruling declining to transfer this action, Chhaparwal's motion is without merit for the reasons set forth in this Court's earlier ruling on request to transfer.

(Mem. Op. and Order Denying Pl.'s Mot. to Transfer Case and Denying Defs.' Req. for Attorney's Fees 5-7.)

In his most recent filing, Chhaparwal simply reiterates his assertions that his case should be moved outside of West Virginia because he cannot receive a fair trial within the state. This Court has previously denied Chapparwal's request on this basis for the reasons set forth in this Court's June 23, 2008 and July 9, 2008 memoranda opinions and orders. Chhapparwal's "appeal" of this Court's decision to deny relief pursuant to Rule 60(b) presents no new evidence or manifest errors of law or fact. Rather, Chhaparwal's present filing simply reiterates arguments he has previously made.[8]

In sum, Chhaparwal has failed to demonstrate extraordinary circumstances warranting relief under Rule 60(b). Accordingly,

---

[8]Chhaparwal does cite new authority for his contention that he cannot receive a fair trial in the state of West Virginia. However, none of the authority cited was unavailable at the time of Chhaparwal's previous motions and, therefore, cannot serve as the basis for reconsideration under Rule 60(b). Moreover, the authority he cites is irrelevant to his claims of bias by the Clerk of Court because the cited authority relates to the bias and conduct of a judge's law clerk.

this Court finds that his "Appeal to reconsider: letter brief" must be denied.

In this Court's July 9, 2008 memorandum opinion and order, Chhaparwal was cautioned about the possible consequences of filing duplicative or frivolous motions. Chhaparwal is cautioned once again that if he continues to file duplicative motions, or if in the future he were to file any frivolous motions, this Court will then consider appropriate action at that time.

V. Conclusion

To the extent that Chhaparwal intended to seek relief from this Court, and for the foregoing reasons, Chhaparwal's "Appeal to reconsider: letter brief," docketed as a "Motion for Reconsideration," is DENIED. To the extent that he intended to seek relief from the United States Court of Appeals for the Fourth Circuit, Chhaparwal's "Appeal to reconsider: letter brief," docketed as a "Motion for Reconsideration" is DENIED as improperly filed with this Court.[9]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff, Diraj Chhaparwal, M.D., and to counsel of record herein.

---

[9] It should be noted, as mentioned above, that the Fourth Circuit has denied Chhaparwal's appeal for failure to prosecute.

DATED:      October 24, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE