IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DHIRAJ CHHAPARWAL, M.D.,

      Plaintiff,

v.                                   Civil Action No. 1:07CV89
                                                    (STAMP)

WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,
WEST VIRGINIA COLLEGE OF MEDICINE AND
HEALTH SCIENCES CENTER,
UNIVERSITY HEALTH ASSOCIATES,
BRUCE MCCLYMONDS, PRESIDENT AND CEO,
NORMAN FERRARI III, M.D.,
MARTIN WEISSE, M.D., MATTHEW BRUNNER M.D.,
NANCY BRUNNER, M.D., KATHLEEN PERKINS, M.D.,
JENNIFER PUMPHREY, M.D., JEAN SOMESHWAR, M.D.,
MELISSA LARZO, M.D., MEGAN TROISCHT, M.D.,
HEATHER HIXENBAUGH, M.D., MICHAEL WOLFE
and JOHN/JANE DOES 1-X,

      Defendants.


**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;
DENYING AS MOOT PLAINTIFF'S MOTION OPPOSING EXHIBITS;
DENYING AS MOOT PLAINTIFF'S MOTION TO DISMISS
DEFENDANTS' OBJECTIONS TO DISCOVERY REQUESTS AND
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL;
AND DENYING AS MOOT DEFENDANTS' MOTION TO EXCUSE
INDIVIDUAL DEFENDANTS FROM ATTENDING TRIAL**


I.  Procedural History

The plaintiff, Dhiraj Chhaparwal, M.D. ("Chhaparwal"), filed

the above-styled civil action alleging unlawful discrimination and

various causes of action lying in tort and contract against

defendants West Virginia University Hospitals, Inc. ("WVUH"), West

Virginia University College of Medicine and Health Sciences Center,

University Health Associates, Bruce McClymonds, M.D., Norman

Ferrari III, M.D., Martin Weisse, M.D., Matthew Brunner, M.D., Nancy Brunner, M.D., Kathleen Perkins, M.D., Jennifer Pumphrey, M.D., Jean Someshwar, M.D., Melissa Larzo, M.D., Megan Troischt, M.D., Heather Hixenbaugh, M.D., Michael Wolfe, and John/Jane Does 1-X.[1]  Chhaparwal brought suit in this Court.  Chhaparwal's complaint asserted twelve causes of action: (1) tortious interference with economic advantage; (2) defamation and slander; (3) retaliation; (4) breach of contract; (5) promissory estoppel; (6) violation of the law against discrimination; (7) misrepresentation and fraud; (8) negligent representation; (9) intentional infliction of emotional distress; (10) outrage; (11) respondeat superior; and (12) loss of consortium.

On June 23, 2008, this Court entered a memorandum opinion and order dismissing with prejudice the claims as to WVUH and Bruce McClymonds.

Thereafter, on July 15, 2009, the remaining defendants filed a motion for summary judgment.  On August 18, 2009, Chhaparwal filed a motion for extension of time to file a response to the defendants' summary judgment motion.  This Court granted that

---

[1]The plaintiff has not moved to amend his complaint to identify John/Jane Does 1-X.  Federal Rule of Civil Procedure 4(m) requires dismissal if the "defendant is not served within 120 days after a complaint is filed."  Because the plaintiff has not yet named these parties in an amended complaint or served these unnamed defendants with a summons within 120 days or moved this Court to extend the period in which to name the defendants, it is ORDERED that defendants John/Jane Does 1-X be DISMISSED WITH PREJUDICE as defendants in this action.

motion on August 19, 2009, allowing Chhaparwal to respond on or before August 31, 2009.  Chhaparwal has not filed a response to defendants' motion.  The plaintiff did file two motions with the court, one opposing exhibits attached to the defendants' motion for summary judgment and the other to dismiss defendants' objections to discovery requests and response to plaintiff's motion to compel.  Neither of these motions are considered a response to the defendants' motion for summary judgment.  Plaintiff filed both of these motions the same day that he filed the above-mentioned motion to extend the time to respond to defendants' motion for summary judgment.  Additionally, the certificate of service for these pleadings was not filed until September 3, 2009, despite filing these motions on August 17 and after many directions by this Court to serve the defendants with pleadings.

This Court has reviewed the parties' pleadings and the relevant law and believes that a decision on the merits on the defendants' motion for summary judgment is warranted.  For the reasons that follow, defendants' motion for summary judgment will be granted and the plaintiff's motions will be denied as moot.  Further, defendants' motion to excuse individual defendants from attending trial will be denied as moot.  Finally, John/Jane Does 1-X defendants are dismissed with prejudice because the plaintiff did not file an amended complaint identifying those defendants.

II.  <u>Facts</u>

West Virginia University School of Medicine's Department of Pediatrics ("Pediatrics Department") employed Chhaparwal as a resident from July 1, 2004 until June 30, 2005, when his contract expired.  The full residency program takes three years to complete. Over the course of this program, residents are evaluated not only in areas such as medical knowledge, practice based learning, and patient care, but also in areas including professional relationships, interpersonal skills, and teaching activity.

One month into the employment relationship, the program assigned Chhaparwal a mentor to address staff concerns about his behavior toward staff and his fellow residents.  In November 2004, in addition to counseling Chhaparwal on his relationship skills with his peers, the Pediatrics Department informed Chhaparwal that his performance was deficient, his outpatient care skills needed improvement and he would have to repeat a rotation.  In December 2004, Chhaparwal was again informed that his performance was not meeting expectations because of his high rate of absences during his November rotation and an incident where he ignored an attending physician's instructions with regard to patient care.  In January 2005, the assistant program director spoke with Chhaparwal regarding his inadequate performance with respect to his availability to see patients and inability to follow instructions. In response to an inquiry from the assistant program director,

several physicians reported significant problems with Chhaparwal's performance. Chhaparwal then failed his January rotation.

In a letter dated February 1, 2005, Chhaparwal questioned the strength of the pediatric residency program and his evaluations. He also stated his belief that the faculty was unaccustomed to a resident of his nationality and age.

The Pediatric Resident Evaluation and Promotion Committee unanimously voted not to renew Chhaparwal's contract based on his performance problems and failure of his January rotation. Chhaparwal appealed this decision to the department chair. The department chair concurred with the Committee's decision. Chhaparwal did not file a grievance as permitted under the Pediatric Department's rules to challenge the department chair's decision.

After his contract was not renewed, Chhaparwal alleged in a meeting with the department chair that staff and faculty were engaging in substance abuse during work hours, creating a hostile work environment for him, and delivering sub-par patient care.

Chhaparwal received an offer for a second year resident position at Atlantic Health Systems ("Atlantic") in New Jersey. Atlantic requested that the Pediatrics Department send a list of Chhaparwal's completed rotations and a notation as to whether he passed. In addition to the requested list, Atlantic received a copy of the mandatory Annual Resident In-Training Evaluation to the

American Board of Pediatrics. This evaluation showed that Chhaparwal received ten out of twelve months credit. After Atlantic received the Pediatric Department's list and the Resident in Training Evaluation showing that Chhaparwal had failed two rotations, Atlantic nullified its contract with Chhaparwal, which required completion of one year's credit from the Pediatrics Department.

III.  <u>Applicable Law</u>

A.  <u>Motion for Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly

supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all

inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In this case, Chhaparwal, as the non-moving party, failed to respond to the defendants' motion for summary judgment after sufficient time for discovery and sufficient time to respond. However, Chhaparwal's failure to file a response does not relieve the defendants from the burden imposed upon them as the moving party. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410 (4th Cir. 1993). The United States Court of Appeals for the Fourth Circuit in Custer held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

This Court has carefully reviewed the parties' motions and related memoranda, and because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

## IV. Discussion

A. Count I: Tortious Interference with Economic Advantage

Plaintiff alleges that the defendants tortiously interfered with economic advantage, causing plaintiff not to pursue

8

opportunities with other pediatric residency programs. The defendants argue that the plaintiff has not indicated how the defendants prevented the plaintiff from seeking other residency positions.

To establish a prima facie case of tortious interference, a plaintiff must prove the following elements: "(1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Syl. Pt. 2, <u>Torbett v.</u> <u>Wheeling Dollar Savs. & Trust Co.</u>, 314 S.E.2d 166 (W. Va. 1983).

While the plaintiff can show the existence of a business relationship with Atlantic, he has not produced evidence to establish the other three elements of this cause of action. The plaintiff cannot show that the defendants committed an intentional act of interference. The American Board of Pediatrics required the Pediatrics Department to fill out the report that was given to Atlantic. Atlantic requested that the Pediatrics Department send the list of rotations showing that the plaintiff failed his January and February rotations. Further, the list and the evaluation were an accurate summary of the plaintiff's performance during his employment with the Pediatrics Department.

There is no evidence that the documents provided to Atlantic by the Pediatrics Department caused the harm sustained, if any.

Atlantic's termination letter shows that the plaintiff had reported to Atlantic that he had successfully completed his rotations during his year with the Pediatrics Department. This misrepresentation by plaintiff, not the turning over of the list and evaluation by the defendants, caused the economic harm, if any. Because the defendants did not commit any act of interference to the relationship between the plaintiff and Atlantic, the plaintiff cannot establish that he sustained damages as a result of an action by the defendants.

Because Chhaparwal has failed to establish the existence of any genuine issue of material fact and, as a matter of law, has failed to state a claim of tortious interference, the defendants' motion for summary judgment as to Count I must be granted.

B.  Count II: Defamation

Plaintiff alleges that the defendants defamed plaintiff by pointing to a letter dated August 2, 2005 relating to the January and February rotations, which the plaintiff did not pass. The plaintiff also references an annual evaluation stating that "Dr. Chhaparwal had difficulties fitting into our program. He alienated some of the faculty early on which made it a difficult teaching and learning environment and our promotion and evaluation committee determined that he gets 10 months credit." The defendants argue that these statements are not defamatory.

To state a claim for defamation, a plaintiff must allege "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." Syl. Pt. 1, Crump v. Beckley Newspapers, 320 S.E.2d 70 (W. Va. 1983).

Truth is an absolute defense to a defamation claim. Id. at 706. The plaintiff did fail both his January and February rotations. As a result, the plaintiff passed only ten out of twelve months of his rotation. In his complaint, the plaintiff contests the accuracy of his evaluations. This is neither the appropriate time nor the appropriate forum to litigate the veracity of the defendants' evaluations. In Regents of University of Michigan v. Ewing, 474 U.S. 214, 226 (1985), the Supreme Court stated that "federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." The Pediatric Department's grievance procedures provided an appropriate forum to contest the results of his rotations. When WVUH hired the plaintiff, he signed an acknowledgment that he was aware of all personnel policies and where to find these policies. The plaintiff made the decision not to appeal through the grievance procedures.

Because Chhaparwal has failed to establish the existence of any genuine issue of material fact and, as a matter of law, has

failed to state a claim of defamation, the defendants' motion for summary judgment as to Count II must be granted.

C.  Misnumbered Count II: Retaliation

The plaintiff alleges defendants are retaliating against him for the allegations he made against the faculty, staff, and program.  Under West Virginia law, a cause of action for wrongful termination lies where "the employer's motivation for the discharge is to contravene some substantial public policy principle . . . ." Harless v. First Nat'l Bank in Fairmont, 246 S.E.2d 270, 275 (W. Va. 1978).  Plaintiff must show that the complaints were a substantial motivating factor for the non-renewal of his contract. Bowe v. CAMC, 428 S.E.2d 773, 777 (W. Va. 1993).

The plaintiff cannot show that the employer's substantial motivation for non-renewal of his contract was retaliation.  The Pediatrics Department began counseling the plaintiff after his first month as a resident.  While the plaintiff did criticize the residency program prior to his contract not being renewed, the plaintiff did not allege substance abuse, patient care, harassment, or hostile work environment issues until after his contract was not renewed.

In addition, the Pediatrics Department maintained a detailed record of counseling taken with respect to the plaintiff.  This record shows that the plaintiff's contract non-renewal was not the result of retaliation, but instead of a continuous pattern of

deficient performance. Multiple physicians reported negative comments about the plaintiff's performance prior to his contract non-renewal ranging from his frequent absences to his interpersonal issues to his failure to appropriately complete charts. In addition, the plaintiff had been counseled four times about his performance prior to submitting any complaints. Accordingly, the plaintiff cannot produce evidence to show that his complaints were a substantial motivating factor behind the non-renewal of his contract.

Because Chhaparwal has failed to establish the existence of any genuine issue of material fact and, as a matter of law, has failed to state a claim of retaliation, the defendants' motion for summary judgment as to misnumbered Count II must be granted.

D.    Count III: Breach of Contract and Count IV: Promissory Estoppel

Count III and Count IV of the plaintiff's complaint were made against defendant WVUH. As mentioned earlier, this Court dismissed the action against WVUH with prejudice. Because the plaintiff brought these two claims against only defendant WVUH, it is unnecessary to address these claims.

E.    Count V: Discrimination

In his complaint, the plaintiff contends that the defendants discriminated against him as a result of his gender and national

origin. The plaintiff does not state whether he is bringing his claim under federal or state law.

Under federal employment law, Title VII provides for two broad categories of actionable discrimination, disparate treatment and disparate impact. See Ardrey v. United Parcel Service, 798 F.2d 679 (4th Cir. 1986). To succeed on a disparate treatment claim, a plaintiff must prove discriminatory intent, whereas a disparate impact claim does not require a showing of discriminatory intent. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Pandazides v. Virginia Bd. of Educ., 13 F.3d 823, 830 n.9 (4th Cir. 1994). Here, the plaintiff has asserted only a disparate treatment claim. Thus, he must make a prima facie showing that the defendants intentionally discriminated against him because of, or on the basis of, his race.

To establish a prima facie case of disparate treatment discrimination under Title VII, a plaintiff may use direct evidence that the defendant intended to discriminate or statistical or circumstantial evidence from which an inference of intentional discrimination can be drawn. See Spivey v. Beverly Enter., Inc., 196 F.3d 1309, 1312 (11th Cir. 1999). Circumstantial evidence used to establish discriminatory intent must meet the test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The United States Court of Appeals for the Fourth Circuit has articulated the McDonnell Douglas test as requiring the plaintiff to show: "(1)

14

that he is a member of a protected class; (2) that he was qualified for his job and his job performance was satisfactory; (3) that, in spite of his qualifications and performance, he was fired; and (4) that the position remained open to similarly qualified applicants after his dismissal." <u>Williams v. Cerberonics, Inc.</u>, 871 F.2d 452, 455-56 (4th Cir. 1989). If the employee establishes a prima facie case, the burden shifts to the employer to produce evidence that the employee was terminated for a non-discriminatory reason. <u>See</u> <u>McDonnell Douglas</u>, 411 U.S. at 802. If the employer demonstrates a non-discriminatory justification for the termination, the burden then shifts back to the employee to show that the asserted justification is merely a pretext. <u>Id.</u> at 803-05. Here, Chhaparwal has not provided direct or statistical evidence of discrimination. Thus, his claims must be analyzed under the <u>McDonnell Douglas</u> burden-shifting test requiring him to establish a prima facie case based upon circumstantial evidence.

Under West Virginia law, to make out a prima facie case for discrimination, the plaintiff must show: "(1) that the plaintiff is a member of a protected class, (2) that the employer made an adverse decision concerning the plaintiff, and (3) but for the plaintiff's protected status, the adverse decision would not have been made." Syl. Pt. 3, <u>Conaway v. Eastern Associated Coal Corp.</u>, 358 S.E.2d 423 (W. Va. 1986).

1. <u>National Origin</u>

Under either federal law or state law, the plaintiff cannot establish a prima facie case for discrimination based upon circumstantial evidence. The plaintiff is a member of a protected class and his employment contract was not renewed. Plaintiff has not shown evidence that his job performance was satisfactory to meet prong two of the federal test. As discussed earlier, the Pediatrics Department thoroughly documented the plaintiff's poor performance. Faculty evaluations and notes show that the plaintiff consistently was not meeting expectations. This Court will not substitute its own judgment for the judgment of the faculty in the Pediatrics Department.

For the same reasons, the plaintiff fails to establish a prima facie case under state law. The plaintiff cannot show that "but for" his protected status the decision not to renew his contract would not have been made.

2. <u>Gender and Hostile Environment</u>

In his discrimination claim, the plaintiff alleges that he was discriminated against because of his gender. The plaintiff offers no support or examples to explain how the defendants discriminated against him for his gender. With the plaintiff's hostile environment claim, again, the plaintiff has produced no evidence to support this claim.

Because Chhaparwal has failed to establish the existence of any genuine issue of material fact and, as a matter of law, has failed to make a prima facie showing of discriminatory treatment under both federal and state law, the defendants' motion for summary judgment must be granted.

F.  <u>Count VI: Fraud and Misrepresentation and Count VII: Negligent Misrepresentation</u>

The plaintiff alleges that he relocated his family and turned down other opportunities based on the representations made by the defendants.  When the contract was not renewed, the plaintiff then alleges he suffered harm.

Under West Virginia law, the essential elements in an action for fraud are as follows: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it."  Syl. Pt. 5, <u>Kidd v. Mull</u>, 595 S.E.2d 308 (W. Va. 2004).  West Virginia also recognizes a cause of action for negligent misrepresentation.  <u>Folio v. City of Clarksburg</u>, 655 S.E.2d 143, 151 (W. Va. 2007).  Unlike fraud, the tort of negligent misrepresentation does not require scienter. It is no excuse for a defendant to claim he did not know the representation was false.  <u>Id.</u> at 152.

The plaintiff has presented no evidence that the defendants fraudulently or negligently misrepresented that his employment contract would span more than one year. The plaintiff received a copy of WVUH's terms and conditions of employment and a residency agreement. Both documents contained a start date of July 1, 2004 and an end date of June 30, 2005. The residency agreement further states in paragraph six that, "WVUH does not represent, warrant or guarantee that it will offer to renew a Residency Agreement with House Officer for any additional term, nor is it obligated to renew or extend this Agreement for one (1) or more additional terms." The plaintiff has failed to produce any evidence that the defendants represented his contract would exceed the one year stated in his terms of employment and residency agreement.

Because Chhaparwal has failed to establish the existence of any genuine issue of material fact and, as a matter of law, has failed to state a claim of fraud or negligent misrepresentation, the defendants' motion for summary judgment as to Counts VI and VII must be granted.

G.    <u>Count VIII: Intentional Infliction of Emotional Distress and Count IX: Outrage</u>

In Count VIII plaintiff alleges intentional infliction of emotional distress and alleges the tort of outrage in Count IX. Because these torts are the same legal cause of action, both counts will be addressed here.

To prevail on a claim for intentional infliction of emotional distress/tort of outrage, a plaintiff must show the following four elements:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Travis v. Alcon Laboratories, Inc., 504 S.E.2d 419, 425 (W. Va. 1998).

The first prong requires that the plaintiff show atrocious conduct; it must be more than unkind or unfair. Id. Here, plaintiff has shown no evidence of conduct that an average member of the community would find outrageous. Id. at 428. Attending doctors and faculty members neither approach atrocious conduct nor do they exceed the boundaries of decency when they note a resident's unsatisfactory performance. Whether conduct can even be considered outrageous is a question of law. Id. As a matter of law, Chhaparwal has failed to show any conduct by the defendants that rises to the level of intolerable or atrocious. Therefore, he has failed to state a claim for intentional infliction of emotional distress. The defendants' motion for summary judgment as to Counts VIII and IX must be granted.

H.   Count X: Respondeat Superior

Because this Court finds that none of the defendants acted in a discriminatory or hostile manner and that no torts were committed against the plaintiff by any of the defendants, the plaintiff cannot establish a respondeat superior claim against defendants Ferrari and Weisse.   Count X is therefore dismissed.

I.   Count XI: Loss of Consortium

The plaintiff claims that defendants' conduct have deprived him of the society of his wife and children.   Plaintiff cannot bring a loss of consortium claim here.   Only a spouse may bring a loss of consortium claim where there has been a tortious injury suffered by the other spouse.   Shreve v. Faris, 111 S.E.2d 169, 172-173 (W. Va. 1959).   The defendants' motion for summary judgment as to Count XI must be granted.

J.   Statute of Limitations

Counts I, II, II, IV, V, VI, VII, VIII, IX, and XI, in addition to the reasons above, all should be dismissed because the plaintiff did not file within the applicable statute of limitations period.   Under West Virginia law, a plaintiff must bring a defamation action within one year of the alleged defamatory statement.   Padon v. Sears, Roebuck & Co., 411 S.E.2d 245, 247 (W. Va. 1991).   The last allegedly defamatory statement occurred August 2, 2005.   Because the action was not brought on or before August 2, 2006, it is untimely.   Tortious Interference with Business

Relationship, Retaliation, Promissory Estoppel, Discrimination, Fraud, Negligent Misrepresentation, Intentional Infliction of Emotional Distress, and Loss of Consortium all have a two year statute of limitations period. W. Va. Code Ann. § 55-2-12 (LexisNexis 2008). Accordingly, because the plaintiff was notified of his contract non-renewal by February 25, 2005, these claims are untimely because the plaintiff did not bring them by February 25, 2007.

## V. <u>Conclusion</u>

For the reasons set forth above, the defendants' motion for summary judgment is GRANTED. Having so disposed of the defendants' motion for summary judgment, the plaintiff's motion opposing exhibits attached with defendants' summary judgment motion and affidavit of Norman Ferrari III, M.D. is now moot and, therefore, is DENIED AS MOOT and plaintiff's motion to dismiss defendants' objections to discovery requests and response to plaintiff's motions to compel is now moot and, therefore, is DENIED AS MOOT. Defendants' motion to excuse individual defendants from attending trial is now moot and, therefore, is DENIED AS MOOT. It is ORDERED that defendants John/Jane Does 1-X be DISMISSED WITH PREJUDICE as defendants in this action Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter. Accordingly, the pretrial conference, jury selection, and trial are VACATED.

DATED:    September 9, 2009


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE